### FREDRICKS LUMBER CO. *v.* EVANS.

CONTRACTS—MECHANICS' LIENS—MORTGAGES.

Agreement with lumber company that, in consideration of its furnishing materials for houses on lots, mortgagors and mortgagee would pay for same and mortgagee also agreed to allow any claim of lumber company "for the furnishing of such materials to be a first lien," *held,* not to have accorded a lien to lumber company but merely priority to mortgage in case of the creation of a lien.

Appeal from Muskegon; Vanderwerp (John), J. Submitted February 20, 1934. (Docket No. 144, Calendar No. 37,491.) Decided April 3, 1934. Rehearing denied June 4, 1934.

Bill by Fredricks Lumber Company, a Michigan corporation, against Charles Evans, Bertha Cohen and others for an accounting and to foreclose an alleged equitable lien. Cross-bill by defendant

Cohen against plaintiff and other defendants to foreclose a mortgage. Decree for plaintiff. Defendant Cohen appeals. Reversed and remanded.

*Turner, Engle & Cochran,* for plaintiff.

*Cross, Foote & Sessions* and *Morton H. Steinberg,* for defendant Cohen.

POTTER, J. Romuald Bordeaux and Irene Bordeaux, his wife, owned the fee of the premises described in the instrument which appears in the margin.* Plaintiff furnished materials to build houses

---

* "This agreement, made this 11th day of October, A. D., 1926, by and between Romuald Bordeaux and Irene Bordeaux, husband and wife, of the city of Muskegon, Michigan, and Buck Waller, of the same place, parties of the first part, and the Fredricks Lumber Company, a corporation, of the same place, party of the second part.

"*Witnesseth:*

"That whereas, the said Romuald Bordeaux and wife are the owners, as tenants by the entireties, of Lot 17 of block 245 and lot 20 of block 245 of the city of Muskegon Heights, according to the recorded plat thereof, and are desirous of building houses upon the said descriptions and have applied to the said party of the second part for credit to purchase lumber therefor.

"Now therefore, the said parties of the first part agree to and with the said party of the second part that in consideration of the furnishing of such materials they will pay to the said party of the second part the sum of $1,000, being the sum of $500 for each description, within 60 days from the date hereof, and the balance for materials furnished on each of said descriptions within 30 days after said houses are completed. It is agreed that the materials furnished are not to exceed the sum of $2,500, or the sum of $1,250 for each description.

"In consideration of the making of such improvements, the said Buck Waller, one of the parties of the first part, agrees to allow any claim of the party of the second part for the furnishing of such materials to be a first lien on said descriptions.

"In witness whereof, the parties have hereunto set their hands the day and year first above written.

"ROMUALD BORDEAUX
"IRENE BORDEAUX
"BUCK WALLER
"FREDRICKS LUMBER COMPANY,
   "By H. H. FREDRICKS.

"In presence of:
  "GEO. S. LOVELACE
  "EDNA C. WINGERDEN."

thereon. Defendants Bordeaux conveyed to Evans who gave a deed as security to Muzzall. Evans and Muzzall are the present owners of the premises, and Bertha Cohen is the last assignee of the mortgage mentioned in such instrument. The Bordeaux, when owners of the premises, desired to build houses thereon. Waller was willing they should do so. In order to obtain credit, the instrument in question was executed. Plaintiff furnished materials to the Bordeaux in pursuance of such contract. They now seek to foreclose it as an equitable lien or mortgage upon the premises described therein. From a decree for plaintiff, defendant Bertha Cohen appeals. The parties are bound by the terms of the contract. We cannot add to or take anything from it. The terms of the instrument govern the rights of the parties. Courts of equity have no inherent power to create or declare liens against real estate. *Perkins* v. *Perkins,* 16 Mich. 162. In order to lay the foundation for an equitable lien upon real estate, there must, as applied to this case, be a contract in writing sufficiently indicating an intention to make the particular property described in the contract security for the payment of the debt or obligation. *Kelly* v. *Kelly,* 54 Mich. 30. Under some circumstances an equitable lien may be declared by the court (*Holden* v. *Butler,* 173 Mich. 117), but not in cases of this kind. *Dehn* v. *Dehn,* 170 Mich. 407. Had plaintiff filed claim of lien for materials furnished, then, upon compliance with the lien law, it could have established such lien and foreclosed the same in equity and the contract would have determined the priority of such lien as between lien claimants and Waller, or appellant, his assignee, the holder of a first mortgage upon the premises. We

think this is what the contract contemplated, but no lien was filed, claimed, or sought to be enforced under the lien law. Plaintiff seeks to foreclose the contract itself as an equitable lien or mortgage. There is no agreement upon the part of the then owners of the premises to create a lien by this contract. Both the Bordeaux and Waller agreed to pay for the materials furnished. That part of the agreement providing any claim for the furnishing of materials might be a first lien on the premises is restricted to Waller, the mortgagee. There is no agreement upon the part of Bordeaux and wife that the claim of the parties furnishing materials was to be a first lien upon the premises. Waller could not, by executing this contract, create a lien on the premises as against the owner, though he might waive priority as to himself in case a mechanic's lien was claimed and perfected.

A lien upon land is an interest in or charge upon real estate and may be created only by a writing complying with the statute of frauds (3 Comp. Laws 1929, § 13411; *Smalley* v. *Mitchell,* 110 Mich. 650; 27 C. J. p. 217), which may not be varied by parol evidence. *Adair* v. *Adair,* 5 Mich. 204 (71 Am. Dec. 779); *Wonderly* v. *Holmes Lumber Co.,* 56 Mich. 412; *Miles* v. *Shreve,* 179 Mich. 671; *Ogooshevitz* v. *Sampson,* 211 Mich. 180.

We cannot, under the facts, find plaintiff is entitled to a lien under and by virtue of this instrument. The decree of the trial court is reversed, with costs and the bill dismissed, and the case remanded for further proceedings by appellant upon her cross-bill for foreclosure of the mortgage.

NELSON SHARPE, C. J., concurred with POTTER, J. NORTH, J., concurred in the result.

Wiest, J. (*concurring*). I concur in the result. The mentioned agreement did not accord the plaintiff company a lien but only provided that in case of a lien it should have priority of a mortgage held by Mr. Waller.

Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred with Wiest, J.