LAKER v. SOVERINSKY.

1. LANDLORD AND TENANT—POSSESSION—NOTICE OF RIGHTS—INJUNCTION.

Possession of a part of a building is sufficient notice of lessees' leasehold rights, hence a lessee would not need an injunction to protect such rights.

2. SPECIFIC PERFORMANCE—RIDER OF LEASE—RAG LAUNDERING SERVICE.

Where rider appended to lease and bearing same date provided that defendant lessor should launder plaintiffs' rags exclusively for a stipulated price per pound, but which rider did

not provide that defendant lessor would not sell the building or laundry machinery therein, courts cannot make a new contract for the parties by compelling defendant to furnish services contracted for under the rider during the entire term of the lease and renewal thereof.

3. SAME—RAG LAUNDERING SERVICE—CONTINUOUS SUPERVISION.
Specific performance of a contract to furnish rag laundering service will not be compelled by mandatory injunction where it would require continuous supervision by the court.

4. SAME—ADEQUATE REMEDY AT LAW—RAG LAUNDERING SERVICE.
Since specific performance will not be decreed where there is an adequate remedy at law, such relief will not be granted where record in suit for mandatory injunction to compel defendant to continue to furnish rag laundering service indicates that plaintiffs have a full and adequate remedy at law.

5. SAME—DISCRETION OF COURT.
Specific performance is a remedy of grace and not a matter of right and the test of whether or not it should be granted depends upon the peculiar circumstances of each case, the granting of such remedy being within the discretion of the court.

6. EQUITY—SPECIFIC PERFORMANCE—ADEQUATE REMEDY AT LAW—TRANSFER OF CAUSE—PLEADING OF SUBSEQUENT EVENTS.
Where subsequent events and alterations in the situation of the parties are set forth for the first time in the briefs of the respective litigants to suit for mandatory injunction to compel defendant lessor to continue to furnish rag laundering service to plaintiff lessees and record indicates that remedy of specific performance would require continuous supervision by the court and the remedy at law is full and adequate, case is remanded to permit plaintiffs to file a motion to transfer case to law side of court where pleadings, including allegations of events and alterations in the situation of the parties that have taken place up to the time of the filing of such pleadings, may be filed (3 Comp. Laws 1929, § 14008).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted April 10, 1947. (Docket No. 60, Calendar No. 43,627.) Decided May 16, 1947.

Bill by James Laker against Jacob Soverinsky for specific enforcement of an agreement to launder

rags. Bill dismissed. Plaintiff appeals. Modified and affirmed.

*Meyer Weisenfeld* and *Robert Lewiston,* for plaintiffs.

*Shapero & Shapero,* for defendant.

BUTZEL, J. James and Marvin Laker on the 11th day of January, 1946, entered into a lease with defendant Soverinsky for rental of a space approximately 18 feet square in a building in Detroit, Michigan, for the purpose of conducting a wiping cloth business in which dirty, unsorted rags are collected and, after being laundered and sorted, are sold to various industrial establishments. Subsequently, Joseph Gaba entered the Laker firm as a partner and with defendant's consent became an additional lessee. The three partners are the plaintiffs herein. The lease was for a period of one year from February 1, 1946, at a rental of $1,800 per year. In a part of the building not leased to plaintiffs, defendant conducted a laundry business. Defendant's portion of the building was equipped with the machinery necessary for the laundering of old rags. In a rider appended to the lease and bearing the same date, plaintiffs agreed to have defendant launder their rags exclusively and to pay $.045 per pound for each pound of rags laundered. This agreement provided that the price for the service could be renegotiated upon 90 days' notice, but in no event was the additional price to be more than one cent per pound. Plaintiffs were given the option of renewing the lease for a further period of four years provided 90 days' notice was given in writing prior to the end of the year, but in the event that the renegotiation price for laundering was not

consummated within the 90-day period, the lease could be canceled by either party. Other provisions of the lease are not involved in the instant case.

In their bill of complaint plaintiffs claim that approximately five months after the lease was entered into, defendant advised them that for personal reasons which he would not disclose, but which were not caused by any acts on the part of the plaintiffs, he could not and would not continue to launder their rags. Plaintiffs persuaded defendant to continue the laundering service. The following month, however, defendant advised them that they could no longer use the laundry facilities in the building, but that he would have their rags laundered elsewhere. They allege that the laundering was done at another place for two weeks which proved unsatisfactory and that the following month defendant completely discontinued his laundering operations on the premises. Plaintiffs thereupon brought a bill in equity and asked for an injunction to restrain defendant from selling or disposing of the property and the machinery and equipment thereon. They further asked for a mandatory injunction to compel defendant to launder their rags and to permit plaintiffs to use all of the laundry facilities, machinery and equipment contained on the premises. Defendant filed an answer and motion to dismiss on the ground that the case was not one calling for equitable relief and that plaintiff had a complete and adequate remedy at law. The trial judge, without filing an opinion, entered an order dismissing the cause.

Plaintiffs' bill was properly dismissed. Possession of part of the building by plaintiffs was sufficient notice of their leasehold rights. There was no agreement by defendant that he would not sell the building or the machinery therein. The courts cannot make a new contract for the parties. The

relief sought was, in fact, to secure specific performance of an agreement to launder plaintiffs' rags. A mandatory injunction to compel defendant to furnish services during the term of the lease and the renewal would require continuous supervision by this Court. Specific performance will not be decreed under such circumstances. *Diamond Lumber Co.* v. *Anderson,* 216 Mich. 71. See, also, *Green* v. *Railroad Co.,* 158 Mich. 436. Moreover, a reading of the record as well as the briefs is convincing that plaintiffs have a full and adequate remedy at law. Specific performance will not be decreed where there is an adequate remedy at law. *Diamond Lumber Co.* v. *Anderson, supra; Keys* v. *Hopper,* 270 Mich. 504. ·

In *MacGlashan* v. *Harper,* 299 Mich. 662, 667, this Court stated:

"Specific performance is a remedy of grace and not a matter of ·right, *Mowat* v. *Walsh,* 236 Mich. 391, and the test of whether or not it should be granted depends upon the peculiar circumstances of each case, *Waller* v. *Lieberman,* 214 Mich. 428. The granting of this equitable remedy lies within the discretion of the court. *Stecker* v. *Silverman,* 294 Mich. 422. See, also, *Richards* v. *White,* 44 Mich. 622; *Smith* v. *Stewart,* 245 Mich. 452; and 58 C. J. p. 1078, § 336."

Subsequent events and alterations in the situation of the parties are set forth for the first time in the briefs of the respective litigants and do not appear in the record filed in this Court. Our decision herein, however, shall not preclude plaintiffs, within 30 days from the date of this opinion, from filing a motion in the circuit court asking that the case be transferred to the law side; * such motion, if timely

---

* See 3 Comp. Laws 1929, § 14008 (Stat. Ann. § 27.652).—RE-PORTER.

made, shall be granted and an order entered, which shall also provide that proper pleadings be filed, including allegations of events and alterations in the situation of the parties that have taken place up to the time of the filing of such pleadings.

A decree will be entered in this Court affirming the decree of the lower court as modified herein, and the case remanded for the purpose hereinbefore stated. Defendant will recover costs in this Court.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.