BARBERS LOCAL 552 v. SEALY.

1. SPECIFIC PERFORMANCE—REMEDY OF GRACE.
   The remedy of specific performance is an extraordinary one granted only in unusual cases to prevent irreparable harm, being a matter of grace and not of right.

2. SAME—REMEDY AT LAW—JURY TRIAL.
   Bill by labor organization to compel specific performance by proprietor of barbershop, a member of the organization, of his agreement to make weekly contributions of stipulated sums to union's program for health and welfare and program for public relations is dismissed, since there is a remedy by way of a regular action at law where defendant would not be deprived of a right to trial by jury.

3. COSTS—BRIEF.
   No costs are allowed appellee upon affirmance of dismissal of bill for specific performance, where he had not appeared or filed a brief on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Specific Performance §§ 8, 9.
[2] 49 Am Jur, Specific Performance § 11.
[3] 5 Am Jur 2d, Appeal and Error § 1010.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted December 4, 1962. (Docket No. 77, Calendar No. 49,397.) Decided December 31, 1962.

Bill by Barbers Local 552, Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors, International Union of America, AFL–CIO, against William Sealy to compel compliance with agreement to pay money into funds for health and welfare and public relations programs. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Schwartz, O'Hare & Levin* (*Rolland R. O'Hare* and *Boaz Siegel,* of counsel), for plaintiff.

ADAMS, J. This is an appeal from a decree dismissing plaintiff's bill of complaint. Plaintiff is a labor organization representing barbers in Wayne county. Defendant, the proprietor of a barbershop in Detroit, is a member of an employers' organization.

Plaintiff and defendant entered into a contract May 4, 1955, modified May 1, 1959. The provisions of the contract here in controversy are as follows:

"5. It is further understood and agreed that party of the second part will contribute the sum of $3 per week to the union barbers of Michigan health and welfare program for each employee covered by this agreement and for himself, if he works with the tools of the trade. This contribution shall be deducted from the gross revenue of each barber's and manicurist's chair each week prior to the computation of earnings payable to the barber or the manicurist in accordance with other provisions of this agreement. In the event that the barber or manicurist does not serve 40 customers for haircuts or manicures during the week, the party of the second part shall contribute 7.5¢ for each customer so served by the barber or manicurist. Party of the second part

agrees to pay this contribution, monthly, to the trustees of the fund or to any depository designated by them not later than 15 days following the end of any month, or for shorter periods of time if the trustees so determine.

"6. It is further understood and agreed that party of the second part will contribute the sum of $1 per week to the union barbers of Michigan public relations program for each employee covered by this agreement and for himself, if he works with the tools of the trade. This contribution shall be deducted from the gross revenue of each barber's and manicurist's chair each week prior to the computation of earnings payable to the barber or manicurist in accordance with other provisions of this agreement. In the event that the barber or manicurist does not serve 40 customers for haircuts or manicures during the week, the party of the second part shall contribute 2.5¢ for each customer so served by the barber or manicurist. Party of the second part agrees to pay this contribution, monthly, to the trustees of the fund or to any depository designated by them not later than 15 days following the end of any month, or for shorter periods of time if the trustees so determine."

Defendant has failed to pay the amounts required by the above paragraphs. This suit was brought to compel specific performance by the defendant of the monthly payments into the 2 funds for the duration of the contract.

Plaintiff in its appeal concedes that the trustees of the 2 funds, unitedly or separately, could institute a suit or suits in assumpsit against defendant. However, it is contended that the union lacks an effective legal remedy and should therefore be granted an equitable one even though plaintiff also may maintain a suit at law by virtue of CL 1948, § 612.2 (Stat Ann § 27.654).*

---

* "Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an

The remedy of specific performance is an extraordinary one granted only in unusual cases to prevent irreparable harm. It is a matter of grace and not of right. *Laker* v. *Soverinsky*, 318 Mich 100; *Toles* v. *Duplex Power Car Co.*, 202 Mich 224. As the trial judge pointed out in his opinion, if such a remedy were to be granted upon the facts here presented, it would open the door to innumerable suits that are now regularly dealt with in the courts by an action at law and would deprive defendant of his right to trial by jury in what is essentially an action at law.

The chancellor did not err. Affirmed. No costs inasmuch as the appellee did not appear or file a brief on this appeal.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought."