*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ARLEN KUNDINGER,

        Plaintiff-Appellant,

v

DALE KUNDINGER,

        Defendant-Appellee.

UNPUBLISHED
August 15, 2024

No. 365813
Huron Circuit Court
LC No. 23-105847-CH

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Plaintiff Arlen Kundinger appeals by right the circuit court's opinion and order dismissing his claims for breach of contract, fraud, promissory estoppel, unjust enrichment, and specific performance against defendant, and plaintiff's brother, Dale Kundinger. We affirm.

## I. FACTS

The property at the center of this dispute is a three-parcel dairy farm that was once owned by plaintiff and his ex-wife, Debra Kundinger. As part of their divorce proceedings, plaintiff and Debra agreed to sell the property as "expeditiously as possible" under a Consent Judgment of Divorce. To that end, the divorce court entered a receivership order, under which plaintiff and Debra stipulated to the appointment of a receiver and agreed that the receiver "may liquidate all real . . . property of the Receivership Estate into money [and] sell real property of the Receivership Estate," and that "all net sale proceeds shall be forwarded to the Receiver." An appraiser valued the farm to be worth $1,439,050, including the land, machinery, and livestock.

Shortly after entry of the receivership order, the receiver obtained two offers for the farm: the Poelma Land Company offered $1,544,400 and the Gremel family offered $1,553,000. Plaintiff and Debra directed the receiver not to act on these offers, apparently because plaintiff wished to buy out Debra's interest in the land so he could keep the farm. However, plaintiff was unable to obtain financing within the Settlement Agreement's deadline for disposing of the property, and when the deadline passed and no offers had been accepted, the receiver was at a "loss as to what should be done at this point." Plaintiff claims that he reached an agreement with his brother, defendant Dale Kundinger, wherein defendant would purchase the farm, and the

proceeds would be used to pay Debra pursuant to the Consent Judgment of Divorce. Then, once plaintiff was able, plaintiff would purchase the farm back from defendant. Plaintiff and defendant allegedly agreed that this arrangement was not an outright sale, but rather a loan.

The parties executed a Purchase Agreement in June 2022, under which defendant purchased the farm from plaintiff for $649,000. The Purchase Agreement required plaintiff to give occupancy to defendant "immediately" and transfer any and all lease agreements to defendant, while an addendum to the Purchase Agreement mandated that Debra was to net $649,000 from the sale and required defendant to extinguish the debt related to the three parcels at closing.[1] Paragraph 19 of the Purchase Agreement contained an integration clause, titled, "ENTIRE AGREEMENT," which stated, "This contract constitutes the entire agreement between the Buyer and Seller. This contract supersedes all prior understandings and agreements, written or oral." The contract did not mention defendant's alleged obligation to sell the farm back to plaintiff.

Plaintiff continued to live on and operate the farm. Sometime after the sale, defendant sought payment of rent from plaintiff for his continued use of the farm, but plaintiff refused to sign a lease. In November 2022, plaintiff represented that he was ready to buy the farm back from defendant. On multiple occasions, plaintiff presented to defendant a simple type-written purchase agreement, purportedly consistent with their prior oral agreement that plaintiff would buy back the farm for $649,000 plus interest.[2] Defendant ignored plaintiff's requests to buy back the farm. Instead, defendant served plaintiff with a notice to quit, requiring plaintiff to vacate the property by early December 2022.

Two days later, plaintiff's attorney sought, via letter, to initiate plaintiff's buyback of the farm, but defendant's attorney responded that defendant was not willing to sell the property to plaintiff. Instead, defendant's attorney indicated defendant would proceed with an eviction action if the parties could not reach an agreement regarding plaintiff's continued use of the property. Plaintiff and defendant could not reach an agreement, so the district court entered a judgment of possession in favor of defendant. That court ordered that defendant was entitled to possession and if plaintiff did not vacate by February 3, 2023, defendant could apply for an order of eviction.

Instead of vacating the property, plaintiff filed the instant six-count complaint against defendant alleging fraud, breach of contract, specific performance, promissory estoppel, unjust

---

[1] Ultimately, defendant paid approximately $845,000, including the sale price and costs to pay off plaintiff's mortgages.

[2] The type-written offer provided:

> I Arlen Kundinger want to purchase my land back from Dale Kundinger at 2750 Pobanz Sebewaing MI for $649,000 plus interest within a year and a half from this date _____.

> I Dale Kundinger agree to sell Arlen Kundinger back his land at 2750 Pobanz Sebewaing MI for $649,000 plus interest within a year and a half from the above said date.

enrichment, and quiet title. The basis for plaintiff's complaint was that plaintiff and defendant had entered into an oral agreement, separate from the purchase agreement and warranty deed, under which defendant's purchase of the farm operated as a loan to plaintiff, and plaintiff would be able to buy back the farm, but defendant had failed to honor that agreement. Defendant responded by moving for summary disposition under MCR 2.116(C)(7), (8), and (10).

The circuit court granted summary disposition to defendant. The court ruled that plaintiff's breach-of-contract claim was barred by the statute of frauds because it was a contract for the sale of land and must be in writing, necessitating dismissal under MCR 2.116(C)(7). Likewise, the court dismissed plaintiff's fraud claim under (C)(7) because defendant's alleged promise was "merely a breach of contact" claim and was barred by the statute of frauds. The court dismissed plaintiff's promissory-estoppel claim under MCR 2.116(C)(10) because the Purchase Agreement contained an integration clause, meaning any prior oral promise was "immaterial." As to the unjust-enrichment claim, the court ruled that dismissal was proper under MCR 2.116(C)(10) because an express contract exists covering the same subject matter as the implied contract. Finally, the circuit court dismissed plaintiff's specific-performance claim under MCR 2.116(C)(8), finding specific performance is a remedy and not a cause of action.

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010). Summary disposition under MCR 2.116(C)(7) is proper if the claim is barred by the statute of frauds. MCR 2.116(C)(7). In reviewing a motion under this rule, this Court must accept the allegations of the complaint as true, "unless contradicted by documentation submitted by the movant." *McLean*, 289 Mich App at 597. "When there is no factual dispute, whether a plaintiff's claim is barred under a basis set forth in MCR 2.116(C)(7) is a question of law." *Spine Specialists of Mich PC v MemberSelect Ins Co*, 345 Mich App 405, 409; 5 NW3d 108 (2022), lv pending 513 Mich 904 (2023).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint. *Mays v Governor*, 506 Mich 157, 172-173; 954 NW2d 139 (2020). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Johnson v Pastoriza*, 491 Mich 417, 435; 818 NW2d 279 (2012). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. See also *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In reviewing a motion under this subrule, this Court considers all the substantively admissible evidence in a light most favorable to the nonmoving party. *Id*. at 120, 121. "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. at 120.

Finally, "[t]his Court reviews de novo questions of law such as whether the statute of frauds bars enforcement of a purported contract[,]" *Zander v Ogihara Corp*, 213 Mich App 438, 441; 540

NW2d 702 (1995), and "whether a claim for unjust enrichment can be maintained[,]" *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006).

## III.  BREACH OF CONTRACT

Plaintiff first argues that the trial court erred by dismissing his breach-of-contract claim because the alleged oral contract violated the statute of frauds.  According to plaintiff, the evidence supports the existence of an oral agreement and the partial-performance exception to the statute of frauds applies because plaintiff tendered consideration.  We disagree.

The sale of land in Michigan is governed by the statute of frauds, which includes both MCL 566.106 and MCL 566.108.  *Lakeside Oakland Dev, LC v H & J Beef Co*, 249 Mich App 517, 524; 644 NW2d 765 (2002).  MCL 566.106 provides:

> No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

MCL 566.108 provides, in part:

> Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing . . . .

And "a lien upon land is an interest in or charge upon real estate and may be created only by a writing complying with the statute of frauds." *Fredricks Lumber Co v Evans*, 266 Mich 486, 489; 254 NW 176 (1934).

Taking plaintiff's allegations to be true, the purported oral contract in this matter is essentially a loan agreement that allowed plaintiff to satisfy the Consent Judgment of Divorce and obligated defendant to sell the farm back to plaintiff at a future date.  Defendant did not uphold the parties' oral agreement and refused plaintiff's attempts to buy back the farm.  Because the parties did not put their alleged agreement in writing, however, and it is a contract for the sale of real property, the contract is void under the statute of frauds.  Accordingly, the trial court did not err in granting defendant summary disposition of plaintiff's breach-of-contract claim.

Plaintiff argues that the partial-performance exception to the statute of frauds applies. According to plaintiff, because he attempted to tender the money he allegedly owed to defendant, the partial-performance exception applies and the parties' agreement is not void. The Legislature has made clear that the doctrine of part performance may operate as an exception to the statute of frauds. Specifically, MCL 566.110 provides: "Nothing in this chapter contained shall be construed to abridge the powers of the court of chancery to compel the specific performance of agreements,

in cases of part performance of such agreements." As stated in *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 540; 473 NW2d 652 (1991), the doctrine provides:

> If one party to an oral contract, in reliance upon the contract, has performed his obligation thereunder so that it would be a fraud upon him to allow the other party to repudiate the contract, by interposing the statute, equity will regard the contract as removed from the operation of the statute. [Citation omitted.]

Generally, the doctrine has a limited application to oral contracts involving the sale of land within one year. *Id*. at 541.

We find the doctrine of part performance is inapplicable here. In order to avail himself of the partial-performance exception, plaintiff "must first show the existence of an oral contract." *Empire Shoe Serv, Inc v Gershenson*, 62 Mich App 221, 225; 233 NW2d 237 (1975). In this regard, "[t]he contract to be enforced must be established by clear and convincing evidence." *Guzorek v Williams*, 300 Mich 633, 639; 2 NW2d 796 (1942). The elements of a valid contract are the following: "(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Hess v Cannon Twp*, 265 Mich App 582, 592; 696 NW2d 742 (2005) (citation omitted). Mutuality of agreement is mutual assent, or in other words, a "meeting of the minds on all the essential terms." *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 453; 733 NW2d 766 (2006). The essential terms for the sale of land are "(1) the property, (2) the parties, and (3) the consideration." *Zurcher v Herveat*, 238 Mich App 267, 290-291; 605 NW2d 329 (1999). And with respect to loan agreements, the essential terms include "the amount of the loan, the interest rate, and the method of repayment." *State Bank of Standish v Curry*, 442 Mich 76, 88; 500 NW2d 104 (1993).

Plaintiff claims that circumstantial evidence supports the existence of the oral agreement, and asserts that his attempt to tender payment to defendant is sufficient consideration under the partial-performance doctrine. However, the documentary evidence is insufficient to support a meeting of the minds on all the essential terms of the alleged oral agreement. Plaintiff provided his own affidavit in support of the oral agreement, in which he indicates that the agreement was to "pay [defendant] back, with interest, all of the funding he provided to pay off my ex-wife for her interest in the farm, including the taxes and mortgages that were paid off" when he became financially stable after the divorce. Yet, when plaintiff attempted to perform under the alleged oral agreement five months after the sale of the farm, plaintiff sought only to pay $649,000 plus interest (at no specified rate) and no amount related to taxes or the mortgages that defendant paid at the time of sale. Plaintiff's attempted performance supports that the parties had not agreed on the essential terms, including the amount to be paid, as well as the interest rate.

Further, plaintiff's divorce attorney, in an affidavit, claims he was present when the parties discussed their oral agreement and that the parties agreed that plaintiff would "buy back a portion of the subject property from [defendant], namely, the barn and surrounding lands" and plaintiff "would have the option to lease, from [defendant], the portion of the subject property that contained the family's homestead." Taking into account Reid's affidavit, it is plain that the parties had not even agreed as to the subject property to be reconveyed, given plaintiff's position that he was entitled to buy back the *entire* farm.

Consequently, on the present record, nothing establishes by clear and convincing evidence that the parties had a meeting of the minds on all essential terms. It follows that plaintiff cannot establish the existence of an oral agreement that is necessary for application of the partial-performance exception to the statute of frauds. Because the statute of frauds is applicable, we conclude that the circuit court did not err by dismissing plaintiff's breach-of-contract claim.

## IV. FRAUD

Plaintiff next argues that the trial court erred by dismissing his fraud claim under MCR 2.116(C)(7). Plaintiff argues that the court's rationale—that plaintiff's claim was merely a breach-of-contract action because the claim was predicted on a future promise to perform and, thus, was barred by the statute of frauds—is erroneous because fraud may be based on future promises and the circumstantial evidence shows that defendant had no intent of conveying the property back to plaintiff.

Plaintiff asserts that defendant intentionally made false representations of material facts to plaintiff in order to induce Plaintiff to "sell" him the property for much less than the fair market value. Namely, plaintiff contends that defendant stated on several occasions before signing the Purchase Agreement that he would sell the property back to plaintiff when plaintiff was "back on his feet" financially from his divorce. Plaintiff argues that defendant's representations were false when they were made, defendant knew they were false when they were made, or defendant made them recklessly, without knowing whether they were true.

"Fraud . . . makes a contract voidable at the instance of the innocent party" and "[p]arol evidence is generally admissible to demonstrate fraud." *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 503; 579 NW2d 411 (1998) (citation omitted). Common-law fraud requires proof that:

> (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. [*Cummins v Robinson Twp*, 283 Mich App 677, 695-696; 770 NW2d 421 (2009) (quotation marks and citation omitted).]

With regard to the first and second elements, "an action for fraud must be predicated upon a false statement relating to a past or existing fact; promises regarding the future are contractual and will not support a claim of fraud." *Id*.

As the circuit court failed to acknowledge, a narrow exception exists by which future promises are actionable for fraud "when there is evidence that [the future promise] was made with a present undisclosed intent not to perform." *Foreman v Foreman*, 266 Mich App 132, 143; 701 NW2d 167 (2005). To come within the exception, evidence of fraudulent intent must relate to conduct of the actor at the very time of making the representations, or almost immediately thereafter. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 379; 689 NW2d 145 (2004). Because intent is a mental condition determined by what one does, direct evidence of fraud is not

required; rather, intent may be inferred from the surrounding facts and circumstances and the inferences arising therefrom. *Foreman*, 266 Mich App at 143.

Summary disposition under MCR 2.116(C)(7) was improper. The trial court construed plaintiff's fraud claim as a breach-of-contract claim and dismissed it under MCR 2.116(C)(7) because an oral contract for the sale of land is void under the statute of frauds. However, "an order granting summary disposition under the wrong subrule may be reviewed under the correct rule." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395 n 3; 573 NW2d 336 (1997). Reviewing plaintiff's fraud claim under either MCR 2.116(C)(8) or (10), which test the legal and factual sufficiency of the complaint respectively, shows that plaintiff is not entitled to relief.

As this Court explained in *UAW-GM Human Resource Ctr*, 228 Mich App at 503:

[I]n the context of an integration clause, which releases all antecedent claims, only certain types of fraud would vitiate the contract. 3 Corbin, Contracts, § 578, p 411 states in part:

To establish fraud, it is not sufficient merely to show that the writing states that there was no antecedent agreement when the fact is that there had been one. If by artifice or concealment, one party induces the other to suppose that the antecedent agreement is included in the writing, or to forget that agreement and to execute an incomplete writing, while describing it as complete, the written provision may be voidable on the ground of fraud.

In other words, while parol evidence is generally admissible to prove fraud, fraud that relates solely to an oral agreement that was nullified by a valid merger clause would have no effect on the validity of the contract. Thus, when a contract contains a valid merger clause, the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause. 3 Corbin, Contracts, § 578.

Here, the allegations of plaintiff's claim of fraud relate only to defendant's alleged oral agreement that was nullified by the integration clause of the Purchase Agreement. Absent from the allegations of plaintiff's complaint, and accompanying documentary evidence, are any facts tending to show plaintiff was defrauded in relation to the integration clause itself. Namely, no facts are alleged or proffered indicating that defendant induced plaintiff to believe the oral agreement was included in the Purchase Agreement, or that plaintiff was defrauded into signing an incomplete agreement that was described as complete. In short, plaintiff has not alleged the type of fraud that would invalidate the Purchase Agreement, which contains a valid integration clause. Accordingly, we affirm the circuit court's dismissal of plaintiff's fraud claim on this alternative ground. See *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

## V. PROMISSORY ESTOPPEL

Plaintiff also argues that the circuit court erred by dismissing his promissory-estoppel claim under MCR 2.116(C)(10). According to plaintiff, defendant's oral promise induced plaintiff into entering into the Purchase Agreement, and plaintiff otherwise made a prima facie case to support the claim. We disagree.

"The doctrine of promissory estoppel is cautiously applied." *Marrero v McDonnell Douglas Capital Corp*, 200 Mich App 438, 442; 505 NW2d 275 (1993).

> [T]he elements of equitable or promissory estoppel are (1) a promise; (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee; (3) which in fact produced reliance or forbearance of that nature; and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. [*Id*.]

"[T]he sine qua non of the theory of promissory estoppel is that the promise be clear and definite[.]" *State Bank of Standish*, 442 Mich at 85. A statement that is "indefinite, equivocal, or not specifically demonstrative of an intention respecting future conduct, cannot serve as the foundation for an actionable reliance." *Id*. at 85-86 (citation omitted). This Court has also recognized that when an express contract contains an integration clause disavowing prior agreements or promises, it is "unreasonable as a matter of law" for the promisee to rely on any outside representations in support of a promissory-estoppel claim. *Able Demolition, Inc v Pontiac*, 275 Mich App 577, 586 n 4; 739 NW2d 696 (2007).

The Purchase Agreement here contained an integration clause nullifying all prior oral agreements. Thus, no genuine issue of material fact exists that plaintiff could not have reasonably relied on defendant's alleged oral promise. Plaintiff does not address the effect of the integration clause nor does he argue that it should be set aside on the basis of fraud or mistake. Accordingly, we conclude that the circuit court did not err by dismissing plaintiff's promissory-estoppel claim.

## VI. UNJUST ENRICHMENT

Plaintiff next argues that the circuit court erred by dismissing his claim of unjust enrichment under MCR 2.116(C)(10). Plaintiff asserts the court's reasoning—that it cannot imply a contract between defendant and plaintiff because the Purchase Agreement covers the subject matter—is erroneous because that agreement does not cover the same subject matter as the oral agreement.

"The elements of a claim for unjust enrichment are (1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit." *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 64; 836 NW2d 898 (2013). "If this is established, the law will imply a contract in order to prevent unjust enrichment." *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003) (citation omitted). "However, a contract will be implied only if there is no express contract covering the same subject matter." *Id*.

Plaintiff contends that because the Purchase Agreement is silent with regard to selling the property back to plaintiff, the trial court erred by concluding that the oral agreement and Purchase Agreement cover the same subject matter. But both contracts in this matter involved the sale of the same land and, ultimately, the written Purchase Agreement governed the parties' transaction with respect to that property. In any case, plaintiff has not demonstrated how these contracts are not of the same subject matter. Dismissal of plaintiff's unjust-enrichment claim was proper.

## VII. SPECIFIC PERFORMANCE

Finally, plaintiff asserts the circuit court erroneously dismissed his claim for specific performance under MCR 2.116(C)(8) on the basis that specific performance is a remedy, not a claim. We disagree.

The circuit court properly recognized that specific performance is not an independent cause of action, but an equitable remedy. See *Edidin v Detroit Economic Growth Corp*, 134 Mich App 655, 660; 352 NW2d 288 (1984). As with any remedy, there is necessarily a cause of action that supports it. *Henry v Dow Chem Co*, 473 Mich 63, 96-97; 701 NW2d 684 (2005) "It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Id*. (citation omitted.) And, generally, specific performance is supported by a cause of action for breach of contract when a remedy at law is insufficient. See *Laker v Soverinsky*, 318 Mich 100, 104; 27 NW2d 600 (1947). For reasons already explained, however, plaintiff's breach-of-contract action fails because the contract violates the statute of frauds, as do the remainder of plaintiff's claims related to defendant's alleged oral promise. Thus, absent an underlying claim to support the remedy of specific performance, plaintiff cannot prevail in obtaining this relief.

Further, *Derosia v Austin*, 115 Mich App 647, 651; 321 NW2d 760 (1982), discussed by both parties, is immaterial because that case involved an established anticipatory breach of contract for which the plaintiff sought specific performance, whereas plaintiff in this matter has not established any breach of contract from which any remedy could flow. Because plaintiff has not established any breach of contract or any other claim that would necessitate a remedy in his favor, plaintiff is not entitled to the remedy of specific performance.

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young